UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.  )<br>)<br>MICHAEL ALAN JAGIM,  )<br>)<br>Defendant.  ) | Case No. 4:23-CR-00088<br><br>GOVERNMENT'S<br>SENTENCING<br>MEMORANDUM |

The government, by the undersigned United States Attorney, files this sentencing memorandum in anticipation of the sentencing hearing currently set for May 3, 2024 at 12:30 p.m.

## Table of Contents

I. BACKGROUND ................................................................................................................ 2
   A.   Charges ........................................................................................................................ 2
   B.   Objections to Presentence Report ............................................................................. 3
II. SENTENCING CALCULATION .................................................................................. 4
   A.   Statutory Penalties ..................................................................................................... 4
   B.   Sentencing Guidelines Calculation ........................................................................... 4
   C.   Determination of number of images ........................................................................ 4
III. GOVERNMENT'S RECOMMENDATION ................................................................ 6

1

**INTRODUCTION**

Michael Jagim is a dangerous and repeated sex offender. He exploited the privacy and trust of multiple minor victims to produce videos of child pornography. Jagim then secreted these images on an external hard drive, with disguised folder names, but readily accessible for his personal viewing. By not only producing, but also retaining these images for a significant period of time, Jagim re-victimized these same minor victims and further aggravated his criminal culpability. The Court should sentence him to 300 months in prison.

**I.   BACKGROUND**

    **A.   Charges**

Pursuant to a written plea agreement, Jagim pled guilty to Count 1 of the Superseding Indictment, that is, Sexual Exploitation and Attempted Sexual Exploitation of a Child, in violation of Title 18, United States Code, Sections 2251(a) and 2251(e), and to Count 7 of the Superseding Indictment, that is, Possession of Child Pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2). (District Court Docket, hereinafter "DCD," 41.) Counts 2 thru 6 will be dismissed. Jagim understands that, even though Counts 2 through 6 will be dismissed, all relevant conduct including the conduct that supported the charges in Counts 2 through 6 will be considered by the Court at the time of sentencing.

### B.     Objections to Presentence Report

The government's objections have been resolved. The government objected and requested that 1) the child pornography videos referenced in the Draft-Presentence Report, hereinafter "PSR (Draft)," (District Court Docket, hereinafter "DCD" 45) at ¶¶ 23, 26, 28 and 31 be amended to include additional videos; 2) that PSR (Draft) ¶ 33 be amended to identify all three minors as victims for Count 7; and 3) that under Eighth Circuit law, the four level enhancement under USSG §2G2.2(b)(4)(A) should not apply. Jagim is not contesting any of these objections and these changes are reflected in the Final Presentence Report, hereinafter "PSR." (DCD at 53.)

The defendant has one remaining factual objection. Jagim raised several objections: 1) Jagim objected to PSR (Draft) ¶¶ 14-17, and 31, specifically objecting that a video sent from the j******1285 Snapchat account should not be attributable to him, and correspondingly that the total number of images should be reduced by 75 images; 2) objected to application of the four level enhancement pursuant to USSG §2G2.2(b)(4)(A) in PSR (Draft) ¶¶ 51, 58-59; and 3) objected to the special conditions of supervised release recommended in PSR (Draft) ¶¶ 141 and 144. The Final PSR reflects, and the parties agree to recommend, a withdrawal of the four level enhancement under §2G2.2(b)(4)(A); and Jagim is expected to withdraw his objection to the conditions of supervised release reflected in ¶¶ 141 and 144. The remaining objection is to the 75 images attributed to Jagim in PSR ¶ 14-17.

The government's position is that there is not a preponderance of the evidence to attribute the one child pornography video noted in the cybertip from Snapchat account name j******1285 to Jagim. Subtracting this video from the number of total images does not change the calculation of Jagim's advisory Guideline range.

## II.  SENTENCING CALCULATION

### A.  Statutory Penalties

Count 1 carries a mandatory minimum sentence of at least fifteen (15) years in prison and a maximum sentence of thirty (30) years in prison; a maximum fine of $250,000; and a term of supervised release of at least five (5) and up to life. Count 7 carries a maximum of twenty (20) years in prison; a maximum fine of $250,000; and a term of supervised release of at least five (5) years up to life.

### B.  Sentencing Guidelines Calculation

The parties do not object to the calculation of the advisory Guideline range in Final PSR ¶¶ 42-66 and 68-70, which establishes a total offense range of Level 40/CH I = 292-365 months' prison.

### C.  Determination of number of images

Under USSG §2G2.2(b)(7)(D), if the offense involved 600 or more images, the Guideline level is increased by 5 levels. A defendant may receive this sentencing enhancement if a court finds by a preponderance of the evidence that a child pornography offense involved 600 or more images. *United States v. Mayer*, 63 F.4th 680, 684 (8th Cir. 2023) (quotation omitted). While the government is not asserting

4

there is a preponderance of evidence to attribute the one video sent on October 17, 2021 from a Snapchat account, there remains 3,620 images that are attributable to Jagim, well in excess of the 600 images needed for the five level enhancement. By way of explanation, the government will summarize below the evidence surrounding the video sent from the Snapchat account.

Jagim denies that he was j******1285 or had any control over this Snapchat account and objects to attributing to him the cybertip video sent from this account. This particular Snapchat account was created, and the disputed video was sent all on one day, October 17, 2021 (Sunday). (PSR ¶ 17.) The subscriber to this account did not identify themselves by name, or list any phone numbers or email addresses that can be directly identified to Jagim. (PSR ¶ 16.) None of the other electronic devices seized included any forensic evidence of this specific Snapchat account or copies of the disputed video. Specifically, this disputed video was not found on the Western Digital external hard drive and did not depict Minor Victim #1, Minor Victim #2, or Minor Victim #3. A possible connection to Jagim was the fact that the IP address associated with the October 17, 2021 use of this Snapchat account was identified to Jagim's Waukee residence. (PSR ¶ 15.)

Jagim's offense conduct was derived from the evidence and images in a HP laptop, Samsung video camera, and Western Digital hard drive, all seized on December 14, 2021. (PSR ¶¶ 18-30.) In addition to these devices, a cellphone was seized belonging to Jagim. A forensic examination of the Apple iPhone identified to

5

Jagim showed that this phone was set up or wiped on December 4, 2021. (Government Sealed Exhibit 1.) After the October 2021 cybertip. Of the ten photo albums on this phone, there was one Snapchat photo album, created on December 8, 2020, that contained one video that was not child pornography. *Id.* While there were several Snapchat artifacts on this iPhone, none were directly related to the cybertip. *Id.* While there was forensic evidence of a Snapchat photo album that pre-dated the cybertip, there is no forensic evidence that identified this photo album to the same Snapchat account from the cybertip, nor any evidence that the disputed video existed or was sent from this iPhone. Additionally, an independent investigation identified a subject other than Jagim who may be a possible user of the disputed Snapchat account and the corresponding IP address. (Government Sealed Exhibit 2.) While it is possible, there is not a sufficient preponderance of evidence to find this one video, sent from a Snapchat account created the same day, should be attributed to Jagim.

### III. <u>GOVERNMENT'S RECOMMENDATION</u>

#### Prison Sentence

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and characteristics of the defendant;

2. the need for the sentence imposed –

    A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

> B. to afford adequate deterrence to criminal conduct;
> C. to protect the public from further crimes of the defendant; and
> D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3. the kinds of sentences available;

4. the guideline sentencing range;

5. any pertinent policy statement;

6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7. the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a).

While Jagim has only one prior criminal conviction, and a Criminal History Category I, this limited criminal history is far outweighed by the serious nature and circumstances of this case. Offenses and conduct that are aggravating and devasting to the involved victims. Jagim exploited his opportunity for contact with multiple unsuspecting minor victims to gratify his own prurient needs and produced child sexual abuse material. Without their knowledge and in horrific violation of their trust and privacy, Jagim produced multiple videos with the use of hidden cameras. He further re-victimized these minors by retaining these videos for a significant period of time, after taking affirmative steps to disguise these videos on his computer. Videos purportedly hidden on Jagim's external hard drive, but readily available for access by him.

7

This pattern of exploitation makes him a repeated and dangerous sexual offender, and his sentence should also reflect the need to protect the public from further crimes, provide just punishment for the offense, promote respect for the law, and afford adequate deterrence to criminal conduct.

The government recommends a sentence within, but above the low end of the advisory Guideline range, a final sentence of 300 months' imprisonment. Also, the government recommends a 10 year period of supervised release.

## Restitution

The government has forwarded to the district court a restitution request from a victim in the "2crazygurls" series. One image from this series was found in this investigation. The victim is requesting restitution in the amount of $5,000. Pursuant to 18 U.S.C. § 2259(b)(2), the government requests that the district court order restitution of at least $3,000 up to $5,000 for this victim. Presently, Minor Victim #1 and Minor Victim #2 are not requesting restitution. Minor Victim #3 has verbally expressed an interest in restitution, but the government has not received any supporting information. We will supplement to the district court and disclose to Jagim if further materials are received.

## Special Assessments

The government requests the mandatory special assessment of $100 per count. 18 U.S.C. § 3013. Under 18 U.S.C. § 3014(a)(3), courts must also assess an amount of $5,000 on any non-indigent person convicted of an offense under Chapter

110. If the district court finds Jagim is non-indigent, then the government request a $5,000 special assessment for Count 7. 18 U.S.C. § 3014(a). The government is not requesting the $5,000 assessment for the offense charged in Count 1, which occurred prior to enactment of the Justice for Victims of Trafficking Act of 2015.

An appreciable net worth at the time of sentencing generally requires the special assessment, regardless of future earning power. *See United States v. Mung*, 989 F.3d 639, 645 (8th Cir. 2021). Alternatively, defendants who have future earning capacity because of young age, good health, education, skills or work experience are also eligible for the assessment. *United States v. Wesley*, 96 F.4th 1045, 1047 (8th Cir. 2024) (citations omitted). The burden to establish both rests with the defendant. *United States v. Kelley*, 861 F.3d 790, 800 n. 5 (8th Cir. 2017).

Jagim is 52 years old. Based on financial information outlined in PSR ¶ 105, he has a negative net worth. However, Jagim has a bachelor's degree. (PSR ¶ 97.) From 2010 until his arrest, he worked as an application systems engineer at Wells Fargo and earned $130,000 a year. (PSR ¶ 101.)

Additionally, the government would request a special assessment of not more than $17,000 for Count 7. 18 U.S.C. § 2259A(a)(1). Since the offense in Count 1 occurred prior to Amy, Vicky, and Andy Child Pornography Victim Restitution Act of 2018, the government is not requesting a special assessment for this count.

WHEREFORE, the government prays that the district court consider this sentencing memorandum in determining the final sentence of defendant.

Respectfully submitted,

By: */s/ Richard D. Westphal*
United States Attorney
U.S. Courthouse Annex
110 East Court Avenue, Suite 286
Des Moines, IA 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: richard.westphal@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2024, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

____U.S. Mail  _____Fax  _____Hand Delivery
__X__ECF/Electronic filing  ____Other means

UNITED STATES ATTORNEY

By: /s/ *Richard D. Westphal*              U.S. Attorney

10